Opinion filed September 14, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed September 14, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00364-CR 

 

                                                    __________

 

                                       RODNEY TORRES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 26th District Court

 

                                                      Williamson County, Texas

 

                                               Trial
Court Cause No. 05-431-K26

 



 

                                                                   O
P I N I O N

 

The jury convicted Rodney Torres of the offense of
burglary of a habitation and assessed his punishment at confinement for sixteen
years.  We affirm.  








In his sole point of error, appellant challenges
the legal sufficiency of the evidence. 
He contends that the evidence is insufficient to show his guilt as the
sole actor in the offense.  In order to
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S.
307 (1979); Jackson v. State, 17
S.W.3d 664 (Tex.
Crim. App. 2000).  

Appellant was charged with entering Cathey Carter=s residence without her consent and
committing or attempting to commit a theft. 
The record shows that Carter returned home from work at about 4:30 p.m.
on March 10, 2005, to find that her house had been burglarized.  There were papers and lots of broken glass on
the floor.  Someone had thrown a rock
through the window in the back door.  She
had not given anyone consent to enter her house.  The only things missing from her house were
eighty to one hundred compact discs, a plastic trash bag, and a plastic bag
from Lowe=s.  After contacting the police, Carter discussed
the situation with her next-door neighbor, Brandon Dady.

Dady testified that he knew appellant and that he
had seen appellant behind his house around 4:00 p.m. that afternoon.  Appellant was walking through Dady=s backyard area but ducked down out of
sight when he realized that Dady had seen him. 
Later, while Dady was talking to Carter, appellant watched them from the
park restroom, which was near a drainage ditch. 
During this time, appellant attempted to avoid detection by peeking in
and out from behind the restroom.  This Asquirmy@
behavior was not usual for appellant.  

After her discussion with Dady, Carter retrieved
her camera and went down to the ditch where appellant was and tried to
photograph him.  Appellant avoided Carter
and left hurriedly; he was carrying a white bag with something in it.  In the drainage ditch where appellant had
been, Carter recovered a white trash bag like the one taken out of her kitchen
trash can.  Inside the trash bag was a
sack from Lowe=s and a
bunch of her stolen CDs.  Some CDs were
still missing.  However, a few days
later, she opened her front door to find a picnic basket containing more of her
stolen CDs.  She later found a paper sack
at her front door; it also contained some of her CDs.

Another witness, Floyce Mounce, testified that he
knew about the burglary and that appellant had stayed overnight a couple of
nights at Mounce=s
house.  In the bedroom where appellant
had stayed, Mounce found some CDs. 
Assuming the CDs belonged to Carter, he put them in a paper sack and
left them on Carter=s front
porch.  Appellant=s
fingerprint was lifted from one of the CD cases that had been left at Carter=s door and was positively identified by
a crime scene specialist as being appellant=s
left thumb print.








Even though there is no direct evidence placing
appellant inside Carter=s
house, we hold that the evidence is legally sufficient to show beyond a
reasonable doubt that appellant committed the offense.  Where there is independent evidence of a
burglary, the unexplained possession of recently stolen goods may constitute
sufficient evidence of guilt to support a conviction.  Harris v. State, 656 S.W.2d 481, 483
(Tex. Crim. App. 1983).  In this case,
there was independent evidence of a burglary and also evidence of appellant=s unexplained possession of the stolen
CDs.  The next door neighbor saw
appellant near Carter=s
residence around the time of the offense. 
Appellant was behaving in an unusual or suspicious manner.  Some of Carter=s
CDs were recovered from a ditch where appellant had just been seen.  Other CDs belonging to Carter were found in a
room where appellant had been staying; appellant=s
fingerprint was located on one of these CDs. 
From this evidence, a rational jury could have found that appellant
entered Carter=s
residence and committed a theft. 
Appellant=s point
of error is overruled.  

The judgment of the trial court is affirmed.  

 

 

TERRY McCALL

JUSTICE

 

September 14, 2006  

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.